MICHAEL R. SIMMONDS (SBN 96238)
TOMIO B. NARITA (SBN 156576)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
msimmonds@snllp.com
tnarita@snllp.com

Attorneys for Defendant
Unifund CCR Partners

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ASIF A. SIAL, an individual,

Plaintiff,

vs.

UNIFUND CCR PARTNERS; and DOES 1through 10 inclusive,

Defendants.

CASE NO.: 08-CV-0905 JM CAB

**DEFENDANT UNIFUND CCR PARTNERS ANSWER TO COMPLAINT**

Defendant UNIFUND CCR PARTNERS ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff ASIF A. SIAL ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff alleges that this is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq.* (the "Rosenthal Act"), the contents of both of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that the jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and that supplemental jurisdiction for the state law claim exists pursuant to 28 U.S.C. § 1367. Defendant lacks information and belief sufficient to answer the remaining allegations of Paragraph 2, and on that basis denies them.

3. Defendant lacks information and belief sufficient to answer the allegations in Paragraph 3 of the Complaint, and on that basis denies them.

4. In answering Paragraph 4 of the Complaint, Defendant admits that it is a New York general partnership whose principal place of business is 10625 Techwoods Circle, Cincinnati, Ohio 45242. Defendant further admits that it conducts interstate business with residents of the State of California and has, at times, engaged in the collection of debts in California. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and that it has, at times, acted as a "debt collector" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(c). Defendant further admits that it has, at times, used the mail and telephone to conduct its business with residents of the State of California. Except as herein admitted, the remaining allegations of

Paragraph 5 are denied.

6. Denied.

7. In answering Paragraph 7 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether the obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether Plaintiff, for purposes of the debt at issue, is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and on that basis, denies the allegations of Paragraph 7.

8. In answering Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether the financial obligation at issue is as a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5), and on that basis, denies the allegations of Paragraph 8.

9. In answering Paragraph 9 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether Plaintiff is as a "debtor" as defined by the Rosenthal Act, California Civil Code § 1788.2(h), and on that basis, denies the allegations of Paragraph 9.

10. In answering Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether the financial obligation at issue is a "consumer debt" as defined by the Rosenthal Act, California Civil Code § 1788.2(f), and on that basis, denies the allegations of Paragraph 10.

11. Defendant avers that the provisions of the FDCPA are self-explanatory.

12. In answering Paragraph 12 of the Complaint, Defendant admits that Unifund acquired two of Plaintiff's credit card accounts. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13 of the Complaint, Defendant admits that it filed a complaint against Plaintiff in the Superior Court of California, County of San Diego, No.37-2007-00059285-CL-CL-EC (the "Underlying Action"), the contents of which are self-explanatory.

14. In answering Paragraph 14 of the Complaint, Defendant admits that the contents of the complaint in the Underlying Action are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 15 of the Complaint and on that basis, denies them.

16. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 16 of the Complaint and on that basis, denies them.

17. Denied.

18. In answering Paragraph 18 of the Complaint, Defendant admits that it obtained a default judgment against Plaintiff, which was subsequently set aside. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant incorporates by reference its responses to the allegations of Paragraphs 1 through 22 of the Complaint, above, as if fully stated herein.

24. Denied.

25. Denied.

26. Defendant incorporates by reference its responses to Paragraphs 1 through 25 of the Complaint, above, as if fully stated herein.

27. Denied.

28. Denied.

29. Denied.

**AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The allegations in the Complaint and relief requested are on information and

belief barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by

and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Setoff)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes to Defendant on his unpaid credit card accounts, including any recoverable interest and attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Litigation Privilege)**

The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with litigation and Plaintiff's state law claims are therefore barred, in whole or in part, by the litigation privilege.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Cure)**

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was cured by Defendant. Plaintiff's state law claims are therefore barred pursuant to California Code of Civil Procedure section 1788.30(d).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff its costs according to proof.

3. That Defendant recover its attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: June 30, 2008 SIMMONDS & NARITA LLP

By: s/Michael R. Simmonds
Michael R. Simmonds
Attorneys for Defendant
Unifund CCR Partners

**PROOF OF SERVICE**

I, Michael R. Simmonds, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816. I am counsel of record for defendant Unifund CCR Partners in this action.

On June 30, 2008, I caused the **DEFENDANT UNIFUND CCR PARTNERS ANSWER TO COMPLAINT** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Jeremy S. Golden
jeremy@efaganlaw.com
Counsel for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 30th day of June, 2008.

By: s/Michael R. Simmonds
Michael R. Simmonds
Attorneys for Defendant
Unifund CCR Partners