1  MICHAEL R. SIMMONDS (SBN 96238)
   TOMIO B. NARITA (SBN 156576)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   msimmonds@snllp.com
5  tnarita@snllp.com

6  Attorneys for Defendant
   Unifund CCR Partners
7

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   ASIF A. SIAL, an individual,        )   CASE NO.: 08-CV-0905 JM CAB
                                          )
12                                        )
              Plaintiff,                  )   **AMENDED NOTICE OF MOTION**
13                                        )   **AND MOTION BY DEFENDANT**
                                          )   **UNIFUND CCR PARTNERS FOR**
14         vs.                            )   **JUDGMENT ON THE**
                                          )   **PLEADINGS;  MEMORANDUM**
15                                        )   **OF POINTS AND AUTHORITIES**
                                          )   **IN SUPPORT OF MOTION**
16   UNIFUND CCR PARTNERS; and            )
     DOES 1through 10 inclusive,          )
17                                        )
                                          )   Date:   August 1, 2008
18            Defendants.                 )   Time:  1:30 p.m.
                                          )   Courtroom:   16, 5th Floor
19   _____ )
                                          )   Honorable Jeffrey T. Miller
20

21

22

23

24

25

26

27

28

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT at 1:30 a.m. on August 1, 2008, in courtroom 16 of the above Court, located at 940 Front Street, San Diego, California, the Honorable Jeffrey T. Miller presiding, defendant Unifund CCR Partners ("Unifund") will and hereby does move this Court for an Order, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings as to the entire Complaint in this action. Each of Plaintiff's claims fails as a matter of law. Plaintiff's claims allegedly arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. are barred by the *Noerr-Pennington* doctrine, and Plaintiff's state law claims allegedly arising under the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq*., are barred by the litigation privilege under California law.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow.

Respectfully submitted,

DATED: June 30, 2008          SIMMONDS & NARITA LLP


By:  s/Michael R. Simmonds
     Michael R. Simmonds
     Attorneys for Defendant
     Unifund CCR Partners

1

2

# TABLE OF CONTENTS

3  I.     INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

4  II.    STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

5  III.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

6       A.   Standards For a Motion For Judgment on the Pleadings. . . . . . . . . . .  2

7       B.   Plaintiff's FDCPA Claim Is Barred by the *Noerr-Pennington*
             Doctrine. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
8
             1.   The FDCPA Claim Burdens the Right to Petition. . . . . . . . . . .  4
9
             2.   Unifund's Conduct Falls Within the Petition Clause. . . . . . . . .  5
10
             3.   The FDCPA Must Be Construed In a Manner That
11                Avoids the Constitutional Issue. . . . . . . . . . . . . . . . . . . . . . . .  6

12      C.   Plaintiff's Rosenthal Act Claim is Barred by the California
             Litigation Privilege. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
13
             1.   California's Litigation Privilege Provides an Absolute
14                Bar to Liability Based Upon Alleged Communications
                  Made in Pleadings or in Connection With Judicial
15                Proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

16  III.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

4
*Adams v. Johnson,*
355 F.3d 1179 (9th Cir. 2004)........................................... 3

5
*BE & K Construction Co. v. NLRB,*
536 U.S. 516 (2002). ..................................................... 4

6
*Bell Atl. Corp. v. Twombly,*
7
127 S.Ct. 1955 (May 21, 2007)........................................... 3

8
*Butler v. Resurgence Financial, LLC,*
521 F. Supp. 2d 1093 (C.D.Cal. 2007). .............................. 11, 12

9
*Carmen v. San Francisco Unified Sch. Dist.,*
10
982 F. Supp. 1396 (N.D. Cal 1997). ................................... 2, 3

11
*Debartolo v. Florida Gulf Coast Build. & Constr. Trades Council,*
485 U.S. 568 (1988). ..................................................... 6

12
*E & J Gallo Winery v. Andina Licores S.A.,*
13
2006 WL 1817097 (E.D. Cal. June 30, 2006)............................. 2

14
*Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,*
365 U.S. 1227 (1961). ............................................ *passim*

15
*First N. Am Nat. Bank v. Superior Court,*
16
2005 WL 67123 (Cal.Ct.App. Jan.13, 2005). ........................... 12

17
*Freeman v. Lasky, Haas & Cohler,*
410 F.3d 1180 (9th Cir. 2005)........................................... 5

18
*Johnson v. JP Morgan Chase Bank,*
19
536 F. Supp.2d 1207 (E.D. Cal. 2008). ............................ 10, 13

20
*McGlinchy v. Shell Chem. Co.,*
845 F.2d 802 (9th Cir. 1988)........................................... 2, 3

21
*N.L.R.B. v. Catholic Bishop of Chicago,*
22
440 U.S. 490 (1979). ..................................................... 6

23
*Nelson v. City of Irvine,*
143 F.3d 1196 (9th Cir. 1998)........................................... 2

24
*Nickoloff v. Wolpoff & Abramson,*
25
511 F. Supp. 2d 1043 (C.D. Cal. 2007)................................. 10

26
*Oei v. N Star Capital Acquisitions, LLC,*
486 F. Supp. 2d 1089 (C.D. Cal. 2006)............................... 11, 12

27
*Reyes v. Kenosian & Miele, LLP,*
28
525 F. Supp. 2d 1158 (N.D. Cal. 2007). ......................... 10, 11, 12

*Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.,*
473 F. Supp. 2d 1083 (S.D. Cal. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sosa v. DIRECTV, Inc.,*
437 F. 3d 923 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Taylor v. Quall,*
458 F. Supp. 2d 1065 (C.D. Cal. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATE CASES

*Carden v. Getzoff,*
190 Cal. App. 3d 907 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Jacob B. v. County of Shasta,*
40 Cal. 4th 948 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Portman v. George McDonald Law Corp.,*
99 Cal. App. 3d 988 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ribas v. Clark,*
38 Cal. 3d 355 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rubin v. Green,*
4 Cal. 4th 1187 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

*Rusheen v. Cohen,*
37 Cal. 4th 1048 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Silberg v. Anderson,*
50 Cal. 3d 205 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Steiner v. Eikerling,*
181 Cal. App. 3d 639 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## FEDERAL STATUTES

Fair Debt Collection Practices Act,
    15 U.S.C. § 1692 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    15 U.S.C. § 1692d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    15 U.S.C. § 1692e. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    15 U.S.C. § 1692e(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    15 U.S.C. § 1692e(10). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    15 U.S.C. § 1692e(9). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692e(11). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692e(13). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692e(15). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692f. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    15 U.S.C. § 1692f(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    15 U.S.C. § 1692g(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692i. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1

## STATE STATUTES

2

California Business & Professions Code,
    § 17200. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 11

3

California Civil Code,
    § 47(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 9

4

California Penal Code,
    § 630. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

5

6

California Rosenthal Fair Debt Collection Practices Act,
    § 1788 *et seq*... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

7

8

9

## OTHER AUTHORITIES

10

11

Federal Rules of Civil Procedure,
    12(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.    **INTRODUCTION**

After plaintiff Asif A. Sial ("Plaintiff") failed to pay the balance due on two credit card accounts, the accounts were acquired by defendant UNIFUND CCR PARTNERS ("Unifund"). Unifund then retained a collection law firm to file a lawsuit on its behalf in state court. That case was recently dismissed without prejudice, and Plaintiff then filed this case.

Plaintiff alleges that Unifund made allegedly false and misleading statements in the collection complaint that it filed against him, and in the pleadings it filed to obtain a default and a garnishment order. Based on these alleged statements, Plaintiff asserts claims against Unifund under the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (the "FDCPA"), as well as its state law analog, known as the Rosenthal Act, Cal. Civil Code § 1788 *et seq.* (the "Rosenthal Act"). Both claims must fail as a matter of law.

The FDCPA claim fails because it is based solely upon statements made by Unifund in connection with the collection litigation. The claim directly conflicts with and chills Unifund's right to petition – a right protected under the First Amendment of the United States Constitution. The *Noerr-Pennington* doctrine of statutory construction requires this Court to construe the FDCPA sections at issue so they do not burden Unifund's right to petition. Since the plain language of the FDCPA sections relied upon by Plaintiff do not purport to regulate the contents of state court pleadings, the *Noerr-Pennington* doctrine requires this Court to reject the Plaintiff's broad reading of the FDCPA. The FDCPA claims fail as a matter of law.

Plaintiff's Rosenthal Act claim fares no better. Like the FDCPA claim, it is based solely upon communications made in the state court suit. An unbroken line of California Supreme Court cases holds that such claims are barred as a matter of law by California's litigation privilege.

Neither claim can be amended. Judgment should be entered for Unifund.

## II.    STATEMENT OF FACTS

The Complaint alleges that "Unifund acquired information regarding two alleged debts . . . on two credit cards in Plaintiff's name." *See* Complaint ¶ 12.  On June 1, 2007, Unifund filed suit to collect the debts. *Id.* at ¶¶ 13-14.  Plaintiff claims the suit was time-barred. *Id.* at ¶ 17.  He also claims that Unifund obtained a default judgment against him despite knowing that he had not been served with the summons and complaint, and that Unifund subsequently obtained an order to garnish his wages. *Id.* at ¶¶ 18-19.  Unifund allegedly submitted declarations containing false statements in support of its request for a default judgment. *Id.* at ¶21.  Plaintiff claims he suffered emotional distress and was forced to incur attorneys' fees in connection with the suit. *Id.* at ¶¶20, 22.

Based solely on these alleged communications, Plaintiff asserts two claims for relief – one for alleged violations of the FDCPA, and the second under the Rosenthal Act. *Id*. ¶¶ 24-25, 27-29.

## III.    ARGUMENT

### A.    Standards For a Motion For Judgment on the Pleadings

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." *See* Fed. R. Civ. P. 12(c). The standard applied to a motion for judgment on the pleadings is virtually identical to the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal 1997); *see also McGlinchy v, Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (same standard applicable where 12(c) motion based on failure to state a claim).   "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998).  In ruling on a motion for judgment on the pleadings, the court may consider "documents submitted with the complaint." *See E & J Gallo Winery v.*

1    *Andina Licores S.A.*, 2006 WL 1817097, *3 (E.D. Cal. June 30, 2006).

2        While the Court must accept as true Plaintiff's material allegations and all

3    reasonable inferences therefrom, *see McGlinchy*, 845 F.2d at 810, the Court need

4    not accept as true conclusory allegations that are unsupported by the facts alleged

5    or that are couched in factual allegation, *see Carmen*, 982 F. Supp. at 1401; *see*

6    *also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory

7    allegations of law and unwarranted inferences are insufficient to defeat a motion to

8    dismiss").  Addressing the standard used on motions to dismiss, the United States

9    Supreme Court recently explained that "labels and conclusions, and a formulaic

10   recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

11   *Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007).  "Factual allegations must be

12   enough to raise a right to relief above the speculative level." *Id.* at 1965. Where it

13   is clear no relief could be granted to Plaintiff "under any set of facts that could be

14   proven consistent with the allegations," the Court may grant a motion for judgment

15   on the pleadings.  *McGlinchy*, 845 F.2d at 810.

16       **B.    Plaintiff's FDCPA Claim Is Barred by the *Noerr-Pennington***
              **Doctrine**

17       The *Noerr-Pennington* doctrine is a rule of statutory construction.  It requires

18   courts to construe federal statutes in a manner that avoids burdening the protections

19   afforded by the First Amendment's right to petition.  *See Eastern Railroad*

20   *Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 1227 (1961); *United*

21   *Mine Workers v. Pennington*, 381 U.S. 657 (1965).  The doctrine "derives from the

22   First Amendment's guarantee of 'the right of the people . . . to petition the

23   Government for a redress of grievances'" and provides that "those who petition any

24   department of the government for redress are generally immune from statutory

25   liability for their petitioning conduct." *See Sosa v. DIRECTV, Inc.*, 437 F. 3d 923,

26   929 (9th Cir. 2006) (internal citations omitted) (hereinafter "*Sosa")*.

27       Although it was originally applied exclusively within the antitrust context,

28

1  the *Noerr-Pennington* doctrine applies with equal force to <u>any</u> federal statute

2  (including the FDCPA).  *Id*. at 931 (" . . .the *Noerr-Pennington* doctrine stands for

3  a generic rule of statutory construction, applicable to any statutory interpretation

4  that could implicate the rights protected by the Petition Clause.") (internal citation

5  omitted).

> Under the *Noerr-Pennington* rule of statutory construction, we must construe
> 6  federal statutes so as to avoid burdening conduct that implicates the
> protections afforded by the Petition Clause unless the statute clearly provides
> 7  otherwise.  We will not "lightly impute to Congress an intent to invade . . .
> freedoms" protected by the Petition Clause.
> 8

9  *Id.* (citations and footnote omitted).

10  Here, applying the three-step test identified in *Sosa*, the *Noerr-Pennington*

11  doctrine bars Plaintiff's FDCPA claim.[1]

12  ### 1.   The FDCPA Claim Burdens the Right to Petition

13  First, the Court must determine whether Plaintiff's FDCPA claim will burden

14  Unifund's First Amendment right to petition.  *Id*. at 932.  In *Sosa*, a consumer had

15  asserted a RICO claim against DirecTV based on its practice of sending

16  prelitigation demand letters to consumers it suspected had engaged in signal theft.

17  *Id.* at 926-27.[2]  The court found the first step for applying the *Noerr-Pennington*

18  doctrine was met, since Sosa's attempt to "impose RICO liability for sending the

19  demand letters" would "quite plainly burden DIRECTV's ability to settle legal

20  claims short of filing a lawsuit."  *Id*. at 932.

21

22  [1] This test actually originated with the Supreme Court case of *BE & K*
23  *Construction Co. v. NLRB*, where the Court extended *Noerr-Pennington* to shield
employers from liability for statements made during lawsuits against employees who
24  exercised their rights under the National Labor Relations Act.  *See BE & K*
*Construction Co. v. NLRB*, 536 U.S. 516, 530 (2002).
25

26  [2] DirectTV had allegedly sent over 100,000 demand letters to consumers which
accused them of violating a federal criminal statute by stealing the signal, and
27  threatening legal action unless the consumers forfeited the equipment and paid an
28  unspecified sum to settle the claim.  *Id*. at 926.

1   Here, Plaintiff's entire FDCPA claim is based on actual filings by Unifund in

2   the state court collection action.  As in *Sosa*, Plaintiff's attempt to impose FDCPA

3   liability "quite plainly" burdens Unifund's right to petition.  The first step in the

4   *Sosa* analysis is easily met where, as here, the FDCPA claim arises solely out of the

5   pleadings in the collection litigation.

6               **2.      Unifund's Conduct Falls Within the Petition Clause**

7   Next, having found that a burden exists, the Court must consider whether

8   imposing a burden upon filing the collection complaint "runs afoul of the Petition

9   Clause," thereby triggering the *Noerr-Pennington* doctrine of statutory

10  construction.  *Id.* at 933.  Any formal pleading filed in the collection lawsuit,

11  including "'[a] complaint, an answer, a counterclaim and other assorted documents

12  and pleadings. . .'",  qualifies as a "petition" deserving of First Amendment

13  protection.  *Id.* (quoting *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184

14  (9th Cir. 2005)).  In fact, the court in *Sosa* held that pre-suit demand letters also

15  qualify, because although the letters are "not themselves petitions, the Petition

16  Clause may nevertheless preclude burdening them so as to preserve the breathing

17  space required for the effective exercise of the rights it protects."  *Sosa*, 437 F. 3d

18  at 933.  The *Sosa* Court observed:

19          [T]he law of this circuit establishes that communications between private
            parties are sufficiently within the protection of the Petition Clause to trigger
20          the *Noerr-Pennington* doctrine, so long as they are sufficiently related to
            petitioning activity.

21  *Id.* at 935 (footnote omitted).[3]

22  This case requires no extensive analysis.  Plaintiff's FDCPA claim is based

23  solely upon communications made in the collection action itself – the complaint,

24  _____

25          [3]*Sosa* notes that "extending *Noerr-Pennington* immunity to litigation-related

26  activities preliminary to the formal filing of the litigation is consistent with the law

    of the majority of the other circuits that have considered the issue," and cites to

27  decisions from the Federal Circuit as well as the First, Second, Fifth and Eleventh

28  Circuits.  *See Sosa*, 437 F. 3d at 937.

the request for entry of default judgment, and the post-judgment garnishment. *See* Complaint, ¶¶ 13, 17-19, 21.  Such communications clearly fall within the Petition Clause, triggering the *Noerr-Pennington* doctrine.

### 3.    The FDCPA Must Be Construed In a Manner That Avoids the Constitutional Issue

The third step is to consider whether the statute – here, the various provisions of the FDCPA allegedly violated by Unifund – may be interpreted in a way that will avoid reaching the constitutional issue.  *Sosa*, 437 F.3d at 939.  Since they can be so construed, the claim fails.

Under the cannon of "constitutional avoidance," the Court is obligated to construe the FDCPA "so as to avoid serious doubts as to the constitutionality of an alternate construction."  *Id*. at 931, n.5 (citations omitted).  Thus, the Supreme Court has held that "where an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress."  *See Debartolo v. Florida Gulf Coast Build. & Constr. Trades Council*, 485 U.S. 568, 575 (1988) (*citing N.L.R.B. v. Catholic Bishop of Chicago*, 440 U.S. 490, 499-501, 504 (1979)).

If it is "fairly possible" to construe the FDCPA so that it does not burden Unifund's right to petition, then the court is "obligated to construe the statute to avoid such problems."  *See Sosa*, 437 F. 3d at 939 (citations omitted). In *Sosa*, the Ninth Circuit affirmed the dismissal of RICO claims by concluding that RICO could be construed to avoid the constitutional issue:

> Our decision today makes clear that the *Noerr-Pennington* doctrine requires that, to the extent possible, we construe federal statutes so as to avoid burdens on activity arguably falling within the scope of the Petition Clause of the First Amendment.  Prelitigation communications demanding settlement of legal claims must be afforded *Noerr-Pennington* protection when we construe statutes asserted to regulate them.

*Id*. at 942 (emphasis supplied).

In this FDCPA case, the Court must determine whether the subsections of

the FDCPA relied upon by the Plaintiff specifically regulate the content of state court pleadings.  When making this determination, the court should not "'lightly impute to Congress an intent to invade . . . freedoms' protected by the Petition Clause." *Id*. at 931 (citations omitted).

None of the FDCPA subsections identified in the Complaint expressly applies to state court pleadings. Plaintiff alleges:

•    That Unifund violated 15 U.S.C. §1692d because its complaint had "the natural consequence . . to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt".  Complaint ¶24(a).

•    That Unifund violated 15 U.S.C. §1692e because its filings in the collection action used "false, deceptive, or misleading representations or means in connection with the collection of a debt." *Id.* ¶24(b).

•    That Unifund violated 15 U.S.C. §1692e(2)(A) because its filings in the collection action gave "the false impression of the character, amount or legal status of the alleged debt." *Id.* ¶24(c).

•    That Unifund violated 15 U.S.C. §1692e(2)(A) because its complaint and other filings misstated "the status of the debt as implying that [Unifund] would prevail in the Action." *Id.* ¶24(d).

•    That Unifund violated 15 U.S.C. §1692e(10) by "using a false representation or deceptive means" in the collection action "to attempt to collect any debt or to obtain information regarding a consumer." *Id.* ¶24(e).

•    That Unifund violated 15 U.S.C. §1692f because its filings in the collection action used "unfair or unconscionable means to collect or attempt to collect a debt." *Id.* ¶24(f).

•    That Unifund violated 15 U.S.C. §1692f(1) because its collection action attempted "to collect an amount not authorized by the agreement that created the debt or permitted by law." *Id.* ¶24(g).

The plain language of these subsections of the FDCPA does <u>not</u> expressly

regulate communications made in connection with state court litigation.  In fact, the only litigation conduct expressly regulated by the FDCPA is the filing of a lawsuit in an improper venue (a claim not at issue here).  *See* 15 U.S.C. § 1692i.[4]

Thus, under the *Noerr-Pennington* doctrine, and consistent with *Sosa*, in order to avoid the constitutional issue, the court should construe the FDCPA sections at issue so they do not apply to Unifund's state court pleadings.  So construed, Plaintiff's claim for relief under the FDCPA fails as a matter of law.

### C.    Plaintiff's Rosenthal Act Claim is Barred by the California Litigation Privilege

#### 1.    California's Litigation Privilege Provides an Absolute Bar to Liability Based Upon Alleged Communications Made in Pleadings or in Connection With Judicial Proceedings

Plaintiff's Rosenthal Act Claim must fail because it is based upon alleged communications made by Unifund in the collection litigation.  California courts and the California legislature have long recognized that the contents of any pleading – as well as any communications made during or in connection with judicial proceedings – are <u>absolutely</u> privileged, and may not form the basis of any subsequent claim against the speaker.  "For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)." *Rubin v. Green*, 4 Cal. 4th

---

[4] Certain subsections of the FDCPA recite that they do <u>not</u> apply to "formal pleadings" filed in civil actions.  *See* §1692e(11) ("this paragraph shall not apply to a formal legal pleading made in connection with a legal action."); § 1692g(d) ("a formal legal pleading in a civil action shall not be construed as an initial communication for purposes of subsection (a).").  Other sections of the Act regulate communications which are <u>not</u> pleadings, such as a communication which "simulates or is falsely represented to be" a document issued by a court, or which <u>falsely</u> implies "that documents are legal process." *Id.* at §§1692e(9), 1692e(13).  In addition, the FDCPA prohibits <u>false</u> representations that documents are <u>not</u> legal process forms, or false implications that they do not require action by the consumer. *Id.* at § 1692e(15).

1187, 1193 (1993).[5]  The principal purpose of the privilege is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions."  *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (citations omitted).  The privilege is also designed to "'encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation.'"  *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 955 (2007), quoting *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1063 (2006).

The usual formulation of the contours of the privilege was stated by the California Supreme Court in *Silberg* as follows:

> The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.

50 Cal. 3d at 212.

The contents of all pleadings and process involved in any litigation are privileged communications and may not form the basis of any claim.  *See, e.g., Rusheen,* 37 Cal. 4th at 1058 (privilege applies to false or perjurious testimony or pleadings); *Rubin*, 4 Cal. 4th at 1195 (privilege barred claims based on contents of pleadings and amended pleadings).  Indeed, the privilege extends beyond the contents of formal pleadings, and

> applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved.

*Silberg,* 50 Cal. 3d at 212 (emphasis supplied).

The broad application of the privilege is essential to ensuring the integrity of

---

[5]  Section 47(b) of the California Civil Code provides in relevant part as follows: "A privileged publication or broadcast is one made: . . .  (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law . . . ."  Cal. Civ. Code § 47(b).

the judicial process. *See id.* at 214-15 (describing the privilege as "the backbone to an effective and smoothly operating judicial system").  For this reason, California courts have given the privilege an expansive reach, using it to bar both statutory and tort causes of action, with a single exception for malicious prosecution suits.[6]  Indeed, the California Supreme Court recently held that the privilege barred a claim based upon the constitutional right to privacy.  *See Jacob B.*, 40 Cal. 4th at  962 ("The same compelling need to afford free access to the courts exits whatever label is given to a privacy cause of action.").

Federal courts throughout California have repeatedly applied the privilege to bar state law claims based upon communications occurring in connection with collection actions.  *See, e.g. Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1161-1165 (N.D. Cal. 2007) (Rosenthal Act claims based on allegations in collection complaint barred by privilege); *Johnson v. JP Morgan Chase Bank*, 536 F. Supp.2d 1207, 1211-1212 (E.D. Cal. 2008) (same, citing *Reyes*); *Nickoloff v. Wolpoff & Abramson*, 511 F. Supp. 2d 1043 (C.D. Cal. 2007) (privilege barred Rosenthal Act claim based on evidence proffered during arbitration proceeding); *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.*, 473 F. Supp. 2d 1083 (S.D. Cal. 2006) (privilege barred claims for fraud, negligence and violations of Cal. Bus. & Prof. Code § 17200 based upon allegedly false affidavit used in connection with collection action); *Taylor v. Quall*, 458 F. Supp. 2d 1065, 1067-68

---

[6] *See id.* at 215-16; *see also Rubin*, 4 Cal. 4th at 1200-04 (privilege barred claim for alleged violations of Business & Professions Code § 17200); *Ribas v. Clark*, 38 Cal. 3d 355, 364-65 (1985) (privilege barred claim for damages arising from alleged violations of Privacy Act, Penal Code § 630 *et seq*.); *Carden v. Getzoff*, 190 Cal. App. 3d 907, 909 n. 2 (1987) (privilege barred claim for fraud and deceit); *Steiner v. Eikerling*, 181 Cal. App. 3d 639, 642-43 (1986) (privilege barred claim based on publication of forged will prepared for probate); *Portman v. George McDonald Law Corp.*, 99 Cal. App. 3d 988, 989-90 (1979) (privilege barred claim for negligent misrepresentation).

1   (C.D. Cal. 2006) (privilege barred Rosenthal Act claim and § 17200 claim based

2   upon allegedly false statements made in collection litigation).

3       Here, all of the allegations in the Complaint relate to the complaint and other

4   filings in Unifund's collection suit against Plaintiff. The Rosenthal Act claim falls

5   squarely within the litigation privilege and must be dismissed on that basis.

6       Unifund anticipates that Plaintiff will rely on two decisions from the Central

7   District of California, both of which held that the litigation privilege did not bar

8   certain claims asserted under the Rosenthal Act. *See Oei v. N Star Capital*

9   *Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006); *Butler v. Resurgence*

10  *Financial, LLC*, 521 F. Supp. 2d 1093 (C.D.Cal. 2007). Subsequent cases have

11  distinguished *Oei* and rejected the reasoning in *Butler*. Neither is persuasive.

12      The most comprehensive analysis of this issue is found in *Reyes v. Kenosian*

13  *& Miele, LLP*, *supra*, where the court carefully analyzed and reconciled the

14  decisions out of the district courts. Focusing on the rules of statutory construction

15  relied upon by *Oei*, the *Reyes* court found that the Rosenthal Act and litigation

16  privilege statutes are *not* irreconcilable, at least *not where the communications*

17  *complained of occur solely within the context of the collection action*. The

18  Rosenthal Act does not regulate the contents of complaints and other papers filed

19  in collection litigation. Thus, the Rosenthal Act is not irreconcilable with the

20  litigation privilege:

21      The only allegedly wrongful debt collection practices in the present
        case occurred entirely in the context of the filing of a state court

22      complaint to recover a debt. **The [Rosenthal Act] does not explicitly
        regulate the content of complaints or other pleadings that are

23      transmitted in connection with an actual legal proceeding and only
        prohibits the use of the courts as a means to collect a debt in a few

24      specific ways, none of which are at issue here**. *See* Sections
        1788.15(a), (b) (proscribing a debt collector's use of judicial

25      proceedings with knowledge that service of process has not been
        legally effected, and proscribing the debt collector's use of judicial

26      proceedings in counties other than where the debtor incurred the debt
        or resides); Section 1788.16 (proscribing a debt collector's simulation

27      of a "legal or judicial process" in collecting a debt). **The application
        of the litigation privilege to the communication at issue in this case

28      would not, therefore, vitiate the [Rosenthal Act] and render it**

1    **meaningless as was found in *Oei*.**

2    *Reyes,* 525 F. Supp. 2d at 1164, emphasis added.

3    The *Reyes* court distinguished the decision in *Oei* on this basis, since *Oei*

4    involved pre-litigation conduct that was arguably within the scope of the privilege:

5    In *Oei,* the court found that the [Rosenthal Act] prevailed over the litigation privilege where plaintiffs alleged **multiple instances of**

6    **harassing communications and conduct occurring prior to the debt collection action.** *Id.* at 1092. The court found that the two

7    statutes were irreconcilable in that case because the [Rosenthal Act] "would effectively immunize conduct that the Act prohibits.... [f]or

8    example ... threats that failure to pay a consumer debt may result in the garnishment of the debtor's wages or the sale of his property ... [or]

9    repeated, continuous and harassing telephone calls." *Id.* at 1100. **Because the alleged communications were arguably within the**

10    **scope of the litigation privilege, applying the litigation privilege to immunize this conduct would "vitiate the Rosenthal Act and**

11    **render the protections it affords meaningless."** *Id.* at 1101. The court therefore found that, in this factual context, the two statutes were

12    irreconcilable and thus the [Rosenthal Act] prevailed over the litigation privilege. *Id.* at 1100-01.

13    *Id.* at 1163, emphasis added.  Here, as in *Reyes*, *all* of the communications took

14    place in the collection action itself.  *Oei* is factually distinguishable, and its

15    reasoning is not persuasive here.

16    In *Butler*, all of the communications were alleged to have occurred in the

17    collection action.  *Butler* followed *Oei*, but it did not properly apply the rule of

18    statutory construction.  The *Butler* court failed to address the threshold issue of

19    whether the statutes are irreconcilable.  For this reason, *Reyes* refused to follow

20    *Butler* (*see Reyes*, 525 F. Supp. 2d at 1163), and the *Butler* opinion is not

21    persuasive.[7]

22

23    The most recent decision on this issue, *Johnson v. JP Morgan Chase Bank*,

24

25    [7] *Butler* is also not persuasive because it relied upon an unpublished decision

26    of the California Court of Appeal, *First N. Am Nat. Bank v. Superior Court*, 2005 WL

27    67123 *5-6 (Cal.Ct.App. Jan.13, 2005), which did not speak to whether the filing of

28    a complaint to recover a debt under the Rosenthal Act is protected by the litigation privilege.  *Reyes*, 525 F.Supp.2d at 1163.

*supra*, followed the reasoning in *Reyes*. Where, as here, the challenged communications are not expressly proscribed by the Rosenthal Act, there is no irreconcilable conflict between the litigation privilege and the Rosenthal Act, and the privilege therefore bars the claim. *Johnson*, 536 F.Supp.2d at 1212 ("To the extent that Ms. Johnson's allegations do not implicate activity proscribed by the Rosenthal Act, and include activity solely within the litigation context, they are barred by the litigation privilege"). The Rosenthal Act claim must fail.

## IV.    CONCLUSION

Both of the claims asserted by Plaintiff arise solely out of communications made in connection with the state court litigation. As such, they are barred by the *Noerr-Pennington* doctrine and the California litigation privilege. Plaintiff cannot amend, so judgment should be entered for Unifund.

Respectfully submitted,

DATED: June 30, 2008            SIMMONDS & NARITA LLP


By:  s/Michael R. Simmonds

Michael R. Simmonds
Attorneys for Defendant
Unifund CCR Partners

# CERTIFICATE OF SERVICE

I, Michael R. Simmonds, hereby certify that:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel of record for defendant Unifund CCR Partners in this action.

On June 30, 2008, I caused the **AMENDED NOTICE OF MOTION AND MOTION BY DEFENDANT UNIFUND CCR PARTNERS FOR JUDGMENT ON THE PLEADINGS;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Jeremy S. Golden
jeremy@efaganlaw.com
Counsel for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 30th day of June, 2008.

By:    s/Michael R. Simmonds
Michael R. Simmonds
Attorneys for Defendant
Unifund CCR Partners