Jeremy S. Golden (SBN 228007)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA 91914
jeremy@efaganlaw.com
Phone: 619-656-6656; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIF A. SIAL, an individual, | Case No.: 08-CV-0905 JM CAB |
| Plaintiff, | **Plaintiff's Opposition To Defendant's Motion For Judgment On The Pleadings** |
| v. | |
| UNIFUND CCR PARTNERS; and DOES 1 through 10 inclusive; | Date: August 1, 2008<br>Time: 1:30 p.m.<br>Dept.: 16 |
| Defendants. | The Honorable Jeffrey T. Miller |

## I.
## FACTS

Defendant is a nationwide trafficker of stale consumer debt and a debt collector. At a time unknown, it acquired information regarding two alleged credit card debts. On June 1, 2007, Defendant filed suit in the Superior Court of California, County of San Diego, Case No. 37-2007-00059285-CL-CL-EC (the Action) to collect the debts from Mr. Sial.

Defendant falsely claimed it served Mr. Sial with a copy of the summons and complaint on July 31, 2007, at 10339 San Vincente Blvd., Spring Valley, CA 91977. From February 2007 through January 2008 (including the date of alleged service) Mr. Sial, his

1 wife, and their two children resided with his uncle at 564 Skyview St., El Cajon, CA 92020.
2 The Spring Valley address was not Mr. Sial's home address, mailing address nor his business
3 address. Defendant, therefore, did not legally effect service. *See* Cal. Code of Civ. Proc. §§
4 415.10, and 415.20.

Despite Defendant's failure to serve Plaintiff or give him notice, it obtained a default judgment. It then collected on that judgment. In April 2008, Defendant garnished Mr. Sial's wages which was his first indication that he had been sued. Mr. Sial immediately began an investigation into why his wages were 25% lower than normal. He obtained a copy of the court file from the Action and discovered that Defendant, a company he had never heard of, had sued him on a First Card Cov [sic] Account and a Citibank account.

Mr. Sial had not made a payment on either of those accounts in the four years proceeding the filing of the Action. In fact, Citibank had reported his account as delinquent from September 2001. First Card Conv [sic] had reported his account as delinquent by May 2003. The statute of limitations barred all of Defendant's claims in the Action; and its surreptitious judgment precluded Ms. Sial from filing a responsive pleading.

Ultimately Defendant forced Mr. Sial to hire an attorney who obtained a refund of money garnished, and got the action against Mr. Sial dismissed. Mr. Sial is now enforcing his rights under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and California's counterpart, the Rosenthal Act, Cal. Civ. Code §1788 *et. seq.* for Defendant's illicit state court Action. Defendant filed this motion for judgment on the pleadings and Mr. Sial opposes it in its entirety.

## II.
## ISSUES

**A.     The Standard Of Review.**

Defendant's motion is pursuant to Rule 12(c).

**B.     Whether The FDCPA Regulates Collection Actions.**

Plaintiff bases his FDCPA claims on unlawful debt collection practices in connection with a state-court collection action. Defendant argues entitlement to a privilege pursuant to

1 the *Noerr-Pennington* doctrine for its violations of the FDCPA.

**C.    Whether The Rosenthal Act Regulates Collection Actions.**

Plaintiff bases his Rosenthal Act claims on unlawful debt collection practices in connection with a state-court collection action. Defendant argues that it was entitled to a privilege pursuant to Cal. Civ. Code §47(b) for its violations of the Rosenthal Act.

## III.

## ARGUMENT

**A.    The Court Must Construe This Motion In Plaintiff's Favor.**

A motion for judgment on the pleadings is governed by the same standards as a motion to dismiss for failure to state a claim. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co. (5th Cir. 2002) 313 F.3d 305, 313, fn. 8. The Court must assume that Mr. Sial alleged the truth. General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). The Court must also draw any inferences in favor of Mr. Sial, the nonmoving party. Id. Moreover, "final disposition of a civil action on the basis of bare bones pleadings is a tortuous thing." Arthur H. Richland Co. v Harper (5th Cir. 1962) 302 F.2d 324, 325. This simple standard is often overlooked. Id.

**B.    Congress And A Unanimous Supreme Court Have Established That The FDCPA Regulates Collection Actions; The Noerr-Pennington Doctrine Has No Effect On Plaintiff's Claims.**

Defendant argues that this court should be the first to hold that a state-court collection action is not subject to the FDCPA. Statutory interpretation and a unanimous United States Supreme Court have foreclosed that possibility.

1.    The FDCPA Specifically Regulates Litigation Activities.

"The *Noerr-Pennington* doctrine is a generic rule of statutory construction." Sosa v. DIRECTV, Inc., 437 F.3d 923 (9th Cir. 2006). Defendant's points and authorities are based on the application of the *Noerr-Pennington* to statutes other than the FDCPA; however, every court to decide the issue in an FDCPA case that Plaintiff could find refused to apply the *Noerr-Pennington* doctrine to the FDCPA. *See, e.g.,* Ison v. Javitch, Block & Rathbone,

2007 WL 2769674 (S.D. Ohio 2007) (holding that defendants "are also not entitled to immunity under the *Noerr-Pennington* doctrine" in an FDCPA case); and <u>Barany-Snyder v. Weiner</u>, 2007 WL 210411 (N.D. Ohio 2007) ("the Court declines to announce a far-reaching rule all litigation is protected by this [the *Noerr-Pennington*] doctrine").

In fact, pursuant to a unanimous Supreme Court decision, every court to construe the FDCPA must find that it regulates litigation activities. Quite simply, a debt collector does not have a privilege to violate collection laws because it is engaged in litigation on the debt.

In <u>Heintz v. Jenkins</u> (1995) 514 U.S. 291 a debt collector and attorney filed a state-court collection action against a consumer, Darlene Jenkins. During the litigation the lawyer for the debt collector gave a false impression of the amount of the debt and the consumer sued the debt collector and its attorney under the FDCPA. The case wound its way to the Supreme Court. A unanimous court held that "the Act does apply to lawyers engaged in litigation." <u>Id.</u> at 294.

The court stated that "there are two rather strong reasons for believing that **the Act applies to the litigating activities** of lawyers." <u>Id.</u> at 294. The first was basic statutory construction. <u>Id.</u> at 204. The second was that Congress repealed an exemption originally enacted for lawyers "without creating a narrower, litigation-related, exemption to fill the void." <u>Id.</u> at 294.

After <u>Heintz</u>, Congress passed an amendment to the statute that provides further confirmation that there is no exemption for a state-court collection actions. Congress amended 15 U.S.C. §1692e(11) (which requires debt collectors to disclose that communications are from a debt collector) to state that *only* that provision "shall not apply to a formal pleading made in connection with a legal action."

If Defendant was correct that the state-court collection action was "entirely exempt from the FDCPA, §1692e(11)'s express exemption of formal pleadings would be unnecessary." <u>Sayyed v. Wolpoff & Abramson</u>, 485 F.3d 226, 231 (4th Cir. 2007). "Courts should disfavor interpretations of statutes that render language superfluous." <u>Id.</u> "Furthermore, because Congress is presumed to act with awareness of a judicial

interpretation of a statute, the fact that the amendment occurred after Heintz further indicates that Congress was aware of the Court's interpretation of the FDCPA and accepted it." Id. "Under multiple precepts of statutory interpretation, Congress' amendment of §1692e(11) provides clear evidence that **litigation activity is subject to the FDCPA**." Id.

The Ninth Circuit also made it clear that a state-court collection action would be covered by the FDCPA. The Ninth Circuit held that the filing of an application for a writ of garnishment, a legal activity, by a debt collector brings FDCPA liability. Fox v. Citicorp Credit Servs., 15 F.3d 1507 (9th Cir. 1994) ("portions of the legislative history make it clear that Congress intended 'purely legal' activity of [debt collectors] to be subject to the FDCPA"). Similar to Fox Mr. Sial's case involves a wrongful application for a writ of garnishment.

The FDCPA does not impinge on any constitutional right. *See* Gionis v. Javitch, Block & Rathbone, LLP, 238 Fed.Appx.24, 26 (6th Cir. 2007) (if the Constitutional argument were accepted it "would, of course, undercut Heintz v. Jenkins – where the Supreme Court held that 'the Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even what that activity consists of litigation"). The Act regulates commercial speech and both Congress and a unanimous Supreme Court confirm that it applies to litigation activities. The *Noerr-Penington* doctrine does not shield Defendant for its violations of the FDCPA that occurred during litigation.

2.      The Action Was A Sham.

Moreover, *Noerr-Pennington* immunity will not be granted if a defendant's petitioning activity was a sham. City of Columbia v. Omni Outdoor Advertising, Inc., 499 U.S. 365, 380 (1991). The most basic formulation of the 'sham exception is when a defendant abuses a governmental process with neither the desire nor expectation of achieving a governmental result from that process. Id.

A misrepresentation will transform otherwise immune petitioning into unprotected "sham" petitioning if the petitioning were directed at an "adjudicatory" process, rather than an "political" process. Kottle v. Northwest Kidney Centers, 146 F.3d 1056, 1060-62 (9th

1  Cir. 1998).

2  In Kottle the court identified three circumstances in which the sham litigation
3  exception might apply: first, where the lawsuit is objectively baseless and the defendant's
4  motive in bringing it was unlawful. Id. at 1060. This is precisely the case. Defendant's
5  lawsuit was objectively baseless as they filed it past the statute of limitations. Its motivation
6  was also unlawful. *See* Kimber v. Fed. Fin. Corp. (M.D. Ala. 1987) 668 F.Supp. 1480, 1487
7  ("time barred lawsuits are, absent tolling, unjust and unfair as a matter of public policy, and
8  this is no less true in the consumer context").

9  The second exception to *Noerr-Pennington* is where the conduct involves a series of
10 lawsuits "brought pursuant to a policy of starting legal proceedings without regard to the
11 merits" and for an unlawful purpose. Id. And the third exception is if the allegedly unlawful
12 conduct "consists of making intentional misrepresentations to the court, litigation can be
13 deemed a sham if a party's knowing fraud upon, or its intentional misrepresentations to, the
14 court deprive the litigation of its legitimacy." Id. These exceptions also apply as the Action
15 was a misrepresentation of Defendant's right to collect the debts from Plaintiff. Defendant's
16 right to petition was not burdened as the lawsuit it filed was a sham.

17      3.    <u>This Court Should Not Overturn Decades Of Jurisprudence By Expanding The</u>
18            <u>*Noerr-Pennington* Doctrine.</u>

19  Along with the strong legal arguments that the *Noerr-Pennington* does not apply to this
20 case, there are also sound public policy reasons to not give a privilege to debt collectors for
21 violating collection-law during litigation.

22  No court has ever held that the *Noerr-Pennington* doctrine applies to an FDCPA cause
23 of action. More than twenty years ago a federal court held that filing a lawsuit on a time-
24 barred debt is an unfair and unconscionable means of collecting a debt, in violation of 15
25 U.S.C. §1692f and 1692e(2)(A). Kimber v. Fed. Fin. Corp. (M.D. Ala. 1987) 668 F.Supp.
26 1480, 1487. Since then every court to publish an opinion on the matter has confirmed.

27  The Supreme Court and circuit courts have repeatedly held that the FDCPA is
28 important tool to protect consumers from unscrupulous debt collection tactics used in

collection litigation. *See* <u>Heintz v. Jenkins</u> (1995) 514 U.S. 291; <u>Goldman v. Cohen</u> (2nd Cir. 2006) 445 F.3d 152, 155; <u>Todd v. Weltman, Weinberg & Reis Co. L.P.A.</u> (6th Cir. 2006) 434 F.3d 432; <u>Freyermouth v. Credit Bureau Servs., Inc.</u>, 248 F.3d 767 (8th Cir. 2001); and <u>Fox v. Citicorp Credit Servs.</u>, 15 F.3d 1507 (9th Cir. 1994).

Moreover, because *Noerr-Pennington* also applies to pre-suit demand letters if it were applied to the FDCPA it would completely dilute the FDCPA. Nearly every collection letter by a debt collector is in some manner a pre-suit demand letter.

This court should not be the first in the country to hold that a debt collector has a privilege to violate the FDCPA merely because it is also engaged in litigation. If debt collectors were given that immunity it would disrupt the widely accepted and established jurisprudence.

**C.   The Rosenthal Act Was Specifically Intended To Prohibit Unfair Or Deceptive Litigation Activities; Applying The Statutory Litigation Privilege Would Defeat The Purpose Of The Act.**

1.   <u>Statutory Construction Holds That Defendant's Motion Should Be Denied.</u>

Mr. Sial alleged Defendant violated <u>Cal. Civ. Code</u> §1788.15, a provision of the Rosenthal Act, which states:

> (a) No debt collector shall collect or attempt to collect a consumer debt means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

This provision specifically addresses unlawful debt collection that occurs during judicial proceedings. Defendant's argument that <u>Cal. Civ. Code</u> §47(b) shields a debt collector from violation of <u>Cal. Civ. Code</u> §1788.15(a) renders the statute meaningless. Every violation of <u>Cal. Civ. Code</u> §1788.15(a) necessarily occurs during litigation.

Another provision is also specifically addressed at unlawful collection practices that occur during litigation. <u>Cal. Civ. Code</u> §1788.15(b) makes it unlawful to attempt or collect to attempt a consumer debt in a judicial proceeding filed in an improper venue.

Moreover, "the term 'debt collection' means **any** act or practice in connection with the collection of consumer debts." Cal. Civ. Code §1788.2. Defendant argues that this court should read in an exemption to the statute for litigation activities. However, the plain language of the statute clearly indicates that there is no such exemption. There simply is no privilege for a debt collector to violate the Rosenthal Act because it also sued a consumer.

2.    Case-Law Directly On Point Holds Defendant's Motion Should Be Denied.

Mr. Sial also alleged that Defendant violated Cal. Civ. Code §1788.17 which incorporates the violations of the FDCPA into the Rosenthal Act. Defendant argues that it is also not liable for these violations because of the litigation privilege.

However, the central district recently held that the California statutory litigation privilege does not apply to claims brought under the Rosenthal Act. Oei v. N. Star Capital Acquisitions, LLC., 486 F. Supp. 2d 1089, 1100 (C.D. Cal. 2006). In Oei, the plaintiffs claimed, inter alia, that the defendants filed a state-court collection suit to collect a debt the consumer did not owe (the identical allegation at issue in the present case).

The Oei court stated: "Were the privilege to apply broadly to Rosenthal Act claims, however, it would effectively immunize conduct that the Act prohibits." Id. at 1100. If Defendant's argument were accepted then "**applying the privilege in this manner would effectively vitiate the Rosenthal Act** and render the protections it affords meaningless." Id. at 1100 (emphasis added).

The court then applied "the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one." Id, at 1100. The court also noted that "California courts, in analogous contexts, have applied this principle to override application of the litigation privilege." Id. at 1101 (citations omitted).

The court quoted the California Court of Appeal in Schoendorf v. U.D. Registry, Inc., 97 Cal. App. 4th 227, 243 (2002): "to the extent that the [California Consumer Credit Reporting Agencies Act and the federal Fair Credit Reporting Act] cannot be reconciled with the privilege, the CCRAA and FCRA, being more specific, prevail over the litigation privilege, which is more general." Id. at 1101.

In an even more recent case <u>Mello v. Great Seneca Financial Corp</u>. 526 F.Supp.2d 1024, 1030 (C.D. Cal. Nov. 5 2007), the court held that "the litigation privilege cannot immunize [a debt collector's] state court lawsuit from liability under California's more specific consumer protection statute, the Rosenthal Act."

In another recent case from the central district, <u>Butler v. Resurgence Financial, LLC</u>, 521 F.Supp.2d 1093, 1095 (C.D. Cal. Nov. 6, 2007), the court stated that the "better view" is to hold that the litigation privilege does not apply to the Rosenthal Act.  The <u>Butler</u> court found that the cases that conducted an in depth analysis comparing the two statutes came to the identical conclusion.  <u>Id.</u>  And that "a remedial statute should be interpreted broadly in order to effectuate its purpose."  <u>Id.</u>

Courts in the central district have also reached the opposite conclusion. *See* <u>Nickoloff v. Wolpoff & Abramson, L.L.P.</u>, 511 F.Supp.2d 1043 (C.D. Cal 2007); and <u>Taylor v. Quall</u>, 458 F. Supp. 2d 1065, 1068 (C.D. Cal. 2006).  However, in both of those cases the courts did not discuss the conflict between the Rosenthal Act's prohibition of certain litigation activities and the litigation privilege, nor does it discuss the vitiation of the Rosenthal Act that would be accomplished by its application. Moreover, both cases occurred before both <u>Mello</u> and <u>Butler</u>.  A court in the northern district (<u>Reyes v. Kenosian & Miele, LLP</u>, 525 F.Supp.2d 1158 (N.D. Cal. 2007)) and one in the eastern district (<u>Johnson v. JP Morgan Chase Bank</u>, 536 F.Supp.2d 1207, (E.D. Cal. 2008)) have also reached the opposite conclusion.

Plaintiff urges this court to follow the well-reasoned principles laid out in <u>Oei</u>, and then followed by <u>Mello</u> and <u>Butler</u> as they are recent decisions and the most well-reasoned analysis of the issue.

//
//
//
//
//
//
//

## IV.
## CONCLUSION

Debt collectors do not have a privilege to violate collection laws because they are engaged in litigation. Congress and a unanimous Supreme Court held that the FDCPA regulates collection activity in litigation. Statutory construction and case-law directly on point hold that claims under the Rosenthal Act are not subject to the litigation privilege. This court should deny Defendant's motion in its entirety.

DATE: July 15, 2008             BY: _____/S/ *Jeremy S. Golden*_____
                                    Jeremy S. Golden,
                                    Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, Dorian Hudson, declare that:

I am, and was at the time of the service hereinafter mentioned, at least 18 years of age and not a party to this action. My business address is 2300 Boswell Rd Ste 211, Chula Vista, CA 91914. I am employed in San Diego County, CA.

I served the following:

## Plaintiff's Opposition To Defendant's Motion For Judgment On The Pleadings

United States District Court, Southern District Case No. 08-CV-0905 JM CAB

On July 15, 2008 I e-filed using CM/ECF.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed July 15, 2008 at Chula Vista, CA 91914.

*/s/ Dorian Hudson*

Dorian Hudson