MICHAEL R. SIMMONDS (SBN 96238)
TOMIO B. NARITA (SBN 156576)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625
msimmonds@snllp.com
tnarita@snllp.com

Attorneys for Defendant
Unifund CCR Partners

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIF A. SIAL, an individual, | CASE NO.: 08-CV-0905 JM CAB |
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| UNIFUND CCR PARTNERS; and DOES 1 through 10 inclusive, | Date: August 1, 2008<br>Time: 1:30 p.m.<br>Courtroom: 16, 5th Floor |
| Defendants. | Honorable Jeffrey T. Miller |

## I. INTRODUCTION

Plaintiff Asif A. Sial ("Plaintiff") argues that the *Noerr-Pennington* doctrine does not bar his claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), but he makes no attempt to apply the three-part test that is required for making that determination. Instead, he wrongly implies that this issue has already been decided by the Supreme Court, and that the *Noerr-Pennington* doctrine should not be invoked because the collection action filed by Unifund CCR Partners ("Unifund") was a sham. Neither argument has merit.

Plaintiff also argues that his claim under the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 *et seq.* ("Rosenthal Act) is not barred by California's absolute litigation privilege. As predicted, Plaintiff relies on two distinguishable district court decisions. The majority of the courts, and the better reasoned decisions, *have* applied the privilege where, as here, the complaint is based on filings in a collection suit. However, Unifund also concedes in this reply brief that part of Plaintiff's Rosenthal Act claim – based on the alleged violation of Section 1788.15(a) of the California Civil Code – is not barred by the litigation privilege. Nevertheless, since the FDCPA claim must be dismissed, the Court should decline to exercise supplemental jurisdiction over this discrete aspect of the Rosenthal Act claim that is not barred by the litigation privilege. Accordingly, the entire complaint should be dismissed and judgment entered for Unifund.

## II. THE FDCPA CLAIMS ARE BARRED BY *NOERR-PENNINGTON*

### A. Plaintiff Ignores the Three-Part Test in *Sosa* and Relies On An Expansive Reading of *Heintz v. Jenkins* That The Ninth Circuit Has Already Rejected

The Ninth Circuit's decision in *Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir. 2006) ("*Sosa*") requires the court to employ a three-part test to determine application of the *Noerr-Pennington* doctrine. As Unifund demonstrated in its opening papers, under that test:

1      1) A successful FDCPA claim would "quite plainly" burden Unifund's right to petition under the First Amendment. *Sosa*, 437 F.3d at 932-933; Memorandum in Support of Motion for Judgment on the Pleadings ("Memo in Support") at 4-5;

2) The FDCPA claim in this case is based solely on communications in the collection action itself – the complaint, the request for entry of default judgment, and the post-judgment garnishment. *See* Complaint, ¶¶ 13, 17-19, 21. It squarely "runs afoul of the Petition Clause," triggering the *Noerr-Pennington* doctrine of statutory construction. *See Sosa*, 437 F.3d at 933; *Freeman v. Lasky, Haas & Cohler,* 410 F.3d 1180, 1184 (9th Cir.2005); Memo in Support at 5-6. The present case does not require the extensive analysis required in other situations. *Compare Sosa*, 437 F.3d at 933-939 (analyzing pre-litigation demand letters).

3) The FDCPA provisions allegedly violated by Unifund may be interpreted in a way that will avoid reaching the constitutional issue. *Id*. at 939. None of the FDCPA provisions at issue in the Complaint expressly regulates complaints or other filings in state court collection litigation. In order to avoid the constitutional issue, therefore, the Court must construe the FDCPA provisions so that they do not apply to the pleadings in Unifund's collection action. For this reason, Plaintiff's claim for relief under the FDCPA fails as a matter of law. Memo in Support, at 6-8.

Plaintiff completely ignores *Sosa* and fails to respond to any of Unifund's analysis. Instead, Plaintiff misleadingly implies that the Supreme Court already decided this issue in *Heintz v. Jenkins*, 514 U.S. 291 (1995). This is incorrect. *Heintz* did <u>not</u> address the application of the *Noerr-Pennington* doctrine to the FDCPA. In *Heintz*, the Supreme Court decided a very narrow issue of law: whether an attorney who collects debts through litigation may qualify as a "debt collector." *Id*. at 292. The Supreme Court did <u>not</u> hold that allegations made in a collection complaint are subject to the FDCPA. Nor did the Court address how the *Noerr-Pennington* doctrine would apply to an FDCPA claim.

Efforts to read *Heintz* broadly, as Plaintiff does here, have already been

rejected by the Ninth Circuit.  In *Guerrerro v. RJM Acquisitions, LLC,* 499 F. 3d 926, 938 (9th Cir. 2007), the court rejected the argument that *Heintz* holds that all communications with a debtor's attorney are subject to the FDCPA.  The *Guerrero* court refused to agree with the debtor's attempt to read *Heintz* that broadly:

> The offending communication in that case happened to be sent to a debtor's counsel, *id.* at 293, 115 S.Ct. 1489, but the question on review was the entirely different matter of whether a law firm engaged in collecting a debt is a debt collector for purposes of the Act. The identity of the *recipient* was mentioned in passing; neither the Court nor the parties addressed the issue now before us.

*Id.* at 937-938.  The *Guerrero* court declined to follow an "implicit assumption" in *Heintz,* rather than an issue the Court had actually decided:

> We are not required to follow what amounts to, at most, an implicit assumption, because such unstated assumptions on non-litigated issues are not precedential holdings binding future decisions.

*Id.* at 938 (citations omitted).

Here, Plaintiff is attempting to rely on another "implicit assumption" that was never actually decided by *Heintz*; *i.e*., Plaintiff suggests that *Heintz* implicitly ruled that collection complaints and all communications made in the context of litigation are covered by the FDCPA, and thus the *Noerr-Pennington* doctrine should not be applied when interpreting the FDCPA.  This issue was never raised nor decided by *Heintz*, and just as in *Guerrerro*, this Court must reject Plaintiff's attempt to read *Heintz* so broadly.

Plaintiff also relies on *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007), for the proposition that "litigation activity is subject to the FDCPA."  But the Ninth Circuit completely rejected the reasoning of *Sayyed* because it incorrectly relies on "implicit assumptions" in *Heintz*:

> The dissent also relies upon *Sayyed,* which held that communications sent to a debtor's attorney are covered by the Act. 485 F.3d at 232-33. But the Fourth Circuit's decision in *Sayyed,* which did not even acknowledge the great weight of authority holding to the contrary, relied on the implicit assumption by the Supreme Court in *Heintz,* which we find inappropriate for the reasons just discussed.

1  *Guerrerro*, 499 F.3d at 938.[1]

2  Lastly, Plaintiff's reliance on *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994) is misplaced. *Fox* did not involve application of the *Noerr-Pennington* doctrine to the FDCPA – the doctrine was never raised or addressed. *Fox* reviewed and rejected an argument that there should be an "attorney exemption" for "purely legal" activities, concluding (as *Heintz* did one year later) that attorneys can be "debt collectors" under the FDCPA. *Id.* at 1512-1513.

Plaintiff argues that the Court "should not overturn decades of jurisprudence by expanding the *Noerr-Pennington* doctrine." *See* Opposition at 6-7. But Plaintiff completely ignores the *Sosa* decision and fails to identify what "decades of jurisprudence" would be overturned. None of the cases cited by Plaintiff addresses the application of *Noerr-Pennington* to an FDCPA action. Neither the Supreme Court nor any Circuit Court of Appeals has addressed the issue. For California district courts, it is an issue of first impression.[2]

*Sosa* provides the framework for analyzing whether the FDCPA claims alleged in this case should be dismissed, based on the *Noerr-Pennington* rule of statutory construction. They should be. Plaintiff ignores the very test that *Sosa* says must be used by the Court, and relies solely on an expansive reading of *Heintz*

---

[1] For the same reason, the Court should decline to follow the two cases out of district courts in Ohio. *Ison v. Javitch, Block & Rathbone*, 2007 WL 2769674 (S.D. Ohio 2007) relies solely on *Heintz* and concludes that if the Supreme Court wanted the *Noerr-Pennington* doctrine to apply, if would have found otherwise. *Id.* at *8. This is directly contrary to the *Guerrerro* decision. The other case, *Barany-Snyder v. Weiner*, 2007 WL 210411 (N.D. Ohio 2007), is even more far afield, rejecting application of the *Noerr-Pennington* doctrine on the incorrect assumption that it applies only to antitrust cases (*id.* at *10), directly contrary to *Sosa* and other Supreme Court decisions cited therein. *See Sosa*, 437 F.3d at 930-931 and n.6.

[2] Plaintiff's additional argument regarding "pre-suit demand letters" (Opposition at 7) is irrelevant. The allegations of Plaintiff's Complaint are confined solely to filings in Unifund's collection action and do not involve pre-suit communications.

that has already been rejected by the Ninth Circuit in *Guerrerro*. The *Noerr-Pennington* doctrine applies here and bars Plaintif's claims.

### B. The Sham Litigation Exception to the *Noerr-Pennington* Doctrine Does Not Apply Here

Plaintiff faces an incredibly heavy burden to invoke the "sham litigation" exception. He must prove both that the collection lawsuit was "objectively baseless" and that it was brought for an improper purpose. *See Sosa*, 437 F. 3d at 938; *see also Ravet v. Solomon Ward Seidenwurm & Smith, LLP*, 2007 WL 2088381, at *5-*6 (S.D. Cal. 2007) (dismissing RICO claim where plaintiff failed to allege suit was brought for improper purpose *and* that it was objectively baseless). He can do neither, so his assertion of the sham litigation exception fails.

Even where the collector does not prevail in the collection action, the suit will not be considered "objectively baseless" unless "no reasonable litigant could realistically expect success on the merits." *See Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60-61 (1993) (unsuccessful copyright infringement claim not a sham: "If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr*" and the sham exception will not apply).

Plaintiff argues that Unifund's collection action was "objectively baseless as they [sic] filed it past the statute of limitations." Opposition at 6. Plaintiff does not say that this was not his debt. There is nothing alleged from which the Court could infer that no reasonable litigant, such as Unifund, could realistically expect success on the merits. To the contrary, it was a real debt that Unifund expected to recover. Plaintiff asserts a legal conclusion in the Complaint – that the collection action was time barred – but there no facts alleged to support this, such as when the last payment was made on either of the accounts in issue, and when the statute allegedly ran.

Even if the Court assumes that the action was time-barred, that would not make the claim filed by Unifund "objectively baseless," nor would it support an FDCPA claim here. Plaintiff suggests that it is unlawful in California to file a lawsuit on a time-barred debt. This is not true. Under California law, the statute of limitations is an affirmative defense. *See Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 396 (1999). The California Supreme Court has held that the running of the statute of limitations <u>does</u> <u>not</u> extinguish the debt, nor does it preclude the "maintenance" of a claim against a debtor. *See Adams v. Paul*, 11 Cal. 4th 583, 603 (1995) ("[A] cause of action is not extinguished or impaired by the mere passage of time, and the maintenance of the claim is not precluded simply by the running of the statutory period.") (Werdegar, concurring); *Western Coal v. Jones*, 27 Cal. 2d 819, 828 (1946) ("the running of the statutory period does not extinguish the cause of action").

When the statute of limitations runs, it gives rise to an affirmative defense that may be asserted by the debtor. Like any affirmative defense, however, if the statute of limitations is not raised by the defendant, it is waived. *See Minton v. Cavaney*, 56 Cal. 2d 576, 581 (1961) ("Cavaney waived the defense of the statute of limitations by failing to plead that defense in the answer to the complaint or by specifying the statute of limitations as a ground of its general demurrer."); *Gailing v. Rose, Klein & Marias*, 43 Cal. App. 4th 1570, 1577 (1996) ("The plaintiff must raise it or the plaintiff has every right to collect a full judgment."). Thus, under California law, even if the statute of limitations had run on the debt, it was not unlawful for Unifund to file suit.

Plaintiff cites a single district court case from Alabama, *Kimber v. Federal Fin. Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987), which held that filing a lawsuit on a time-barred debt violates the FDCPA. But the Ninth Circuit has never embraced *Kimber* and has <u>never</u> ruled that filing a complaint based upon a time-barred claim violates the FDCPA. In fact, the Ninth Circuit has never even ruled that a state

court collection complaint is subject to regulation by the FDCPA.

California law recognizes that the running of the statute of limitations does not extinguish the debt. The Ninth Circuit has never embraced *Kimber* and has never held that filing suit on a time-barred debt violates the FDCPA. This Court should reject Plaintiff's theory of recovery, and should hold, as a matter of law, that the filing of a collection lawsuit which seeks to recover a time-barred debt does not violate the FDCPA or the Rosenthal Act and is not "objectively baseless" for purposes of the sham litigation exception.

In any event, the Court cannot infer that the litigation was brought for any "improper purpose." Unifund sued for the entirely proper purpose of recovering the money that was due. There was nothing wrong with filing suit to recover the debt, even if the Court accepts Plaintiff's unsupported allegation that the claim was time-barred. The collection lawsuit filed by Unifund does not meet the strict two-prong requirement of the "sham litigation" exception.

### III.  THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S ROSENTHAL ACT CLAIM, EVEN IF THE CLAIM IS NOT TOTALLY BARRED BY THE CALIFORNIA LITIGATION PRIVILEGE

As predicted in Unifund's opening brief, Plaintiff argues that his Rosenthal Act claim is not barred by the litigation privilege, based on district court opinions in *Oei v. N Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006), and *Butler v. Resurgence Financial, LLC*, 521 F. Supp. 2d 1093 (C.D.Cal. 2007). Unifund has already shown that subsequent cases, particularly *Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158 (N.D. Cal. 2007), have distinguished *Oei* and have rejected the reasoning in *Butler*. *See* Memo in Support at 10-13. Unifund will not repeat those arguments here.

However, with respect to one aspect of Plaintiff's opposition, Unifund concedes that Plaintiff is correct. Plaintiff points out that part of his claim under the

Rosenthal Act is for violation of Section 1788.15(a) of the California Civil Code, which provides:

> No debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

In his Complaint, Plaintiff has specifically alleged a violation of this provision of the Rosenthal Act (Complaint ¶27(a)), an allegation which must be accepted as true for purposes of this motion for judgment on the pleadings.

Section 1788.15(a) conflicts with the litigation privilege and is one of the narrow exceptions recognized as not subject to the privilege. *See Reyes*, 525 F. Supp. 2d at 1164 (Rosenthal Act claims based on allegations in collection complaint are generally barred by privilege, but Section 1788.15(a) is one of the "few specific ways" in which the Rosenthal Act "prohibits the use of the courts as a means to collect a debt"). Except for this narrow exception, however, the remainder of Plaintiff's Rosenthal Act claim is barred by the privilege, for the reasons stated in Unifund's opening brief.

Even though the litigation privilege may not bar all of Plaintiff's claim for relief under the Rosenthal Act, since the FDCPA claim must be dismissed based on the *Noerr-Pennington* doctrine, the Court should, in its discretion, decline to exercise supplemental jurisdiction over the one discrete part of Plaintiff's state law claim that remains. 28 U.S.C. §1367(c)(3).

## IV. CONCLUSION

Plaintiff's FDCPA claim arises solely out of communications made in connection with the state court litigation. It is barred by the *Noerr-Pennington* doctrine. Any attempt to amend would be futile. Judgment should be entered for Unifund on that claim, and the Court should decline to exercise supplemental jurisdiction over the Rosenthal Act claim.

1 |                                                                            Respectfully submitted,

DATED: July 25, 2008        SIMMONDS & NARITA LLP

                                                    By:  s/Michael R. Simmonds
                                                             Michael R. Simmonds
                                                             Attorneys for Defendant
                                                             Unifund CCR Partners

# CERTIFICATE OF SERVICE

I, Michael R. Simmonds, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816. I am counsel of record for defendant Unifund CCR Partners in this action.

On July 25, 2008, I caused the **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Jeremy S. Golden
jeremy@efaganlaw.com
Counsel for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 25th day of July, 2008.

By: s/Michael R. Simmonds
Michael R. Simmonds
Attorneys for Defendant
Unifund CCR Partners