**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASIF A. SIAL,<br><br>                                Plaintiff,<br>vs.<br><br>UNIFUND CCR PARTNERS, et al.,<br><br>                                Defendants. | CASE NO. 08 CV 0905 JM (CAB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Doc. No. 8)** |

Plaintiff asserts claims for violation of (1) the Fair Debt Collection Practices Act (the "FDCPA" or the "Act") and (2) California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"). Defendant Unifund CCR Partners ("Unifund") moves for judgment on the pleadings under Federal Rule of Civil Procedure ("FRCP") 12(c). Unifund argues that the Noerr-Pennington doctrine bars Plaintiff's FDCPA claim and that California's litigation privilege bars the Rosenthal Act claim. Plaintiff filed a timely opposition and Unifund a timely reply. For the reasons set forth below, the court **DENIES** the motion for judgment on the pleadings.

**I.     BACKGROUND**

Plaintiff initially filed his complaint on May 21, 2008. Defendant filed an answer on June 30, 2008. The following facts are taken from the complaint and are assumed to be true only for the purpose of reviewing the motion for judgment on the pleadings.

Unifund is a consumer debt collection company. (Compl. at 2 ¶ 4.) Unifund collects debts by mail and telephone. (Compl. at 2 ¶ 5.) At an unknown time, Unifund obtained information about

two alleged debts on two credit cards held in Plaintiff's name. (Compl. at 3 ¶ 12.) On June 1, 2007, Unifund sued Plaintiff in San Diego Superior Court to collect the debts (hereinafter the "collection action"). (Compl. at 3 ¶ 13 (referring to Case No. 37-2007-00059285-CL-CL-EC).) Unifund alleged in the collection action that Plaintiff owed a total principal amount of $5,200.27. (Compl. at 3 ¶ 14.) This amount included $3,194.22 for a credit card "originating with 'First Card Conv,'" and $2,006.05 for a credit card "originating with 'Citibank.'" (Id.)  Citibank had reported Plaintiff's account as delinquent by September 2001. (Compl. at 3 ¶ 15.) First Card Conv had reported Plaintiff's account as delinquent by May 2003. (Compl. at 3 ¶ 16.) Because Unifund filed the collection action after the statute of limitations expired, the collection action was time-barred. (Compl. at 3 ¶ 17.)

Unifund knew that it had not served Plaintiff with a copy of the summons and complaint in the collection action. (Compl. at 3 ¶ 17.) Nevertheless, Unifund obtained a default judgment against Plaintiff and garnished Plaintiff's wages. (Compl. at 3-4 ¶¶ 17-18.) Unifund submitted declarations and/or affidavits containing false statements in support of its request for default judgment. (Compl. at 4 ¶ 21.) Due to Unifund's conduct, Plaintiff suffered "great stress and worry" and emotional distress, and incurred attorneys' fees in connection with the collection action. (Compl. at 4 ¶¶ 20, 22.)

## II.   DISCUSSION

### A.   Legal Standards for a Rule 12(c) Motion for Judgment on the Pleadings

A Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings. See FRCP 12(c). As with a Rule 12(b)(6) motion, the court must assume the truthfulness of the material facts alleged in the complaint and must construe all inferences reasonably drawn from the allegations in favor of the responding party. See General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). Thus, judgment on the pleadings in favor of a defendant is not appropriate if the complaint raises issues of fact that, if proved, would support the plaintiff's legal theory. General Conference Corp., 887 F.2d at 230.

### B.   Claims for Violation of the FDCPA and Rosenthal Act

### 1. Statutory Framework

The FDCPA prohibits false or deceptive practices in connection with the collection of debts. 15 U.S.C. § 1692, et seq. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Given its remedial nature, courts must construe the Act broadly to effect its purposes. Clark v. Capital Credit & Collection Serv., Inc., 460 F.3d 1162, 1176 (9th Cir. 2006).

The Rosenthal Act establishes liability under California law for violations of the FDCPA. Cal. Civ. Code § 1788.17.

In his claims for violation of the FDCPA and the Rosenthal Act, Plaintiff alleges that Defendant violated the following provisions of the FDCPA: §§ 1692d, 1692e generally, 1692e(2)(A), 1692e(1), 1692f generally, and 1692f(1)[1]. (Compl. at 4-5 ¶ 24.) Plaintiff also alleges a violation of Cal. Civ. Code § 1788.15(a). Plaintiff's claims generally lack factual details and largely restate the underlying statutes' language.

**15 U.S.C. § 1692d.** Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

**15 U.S.C. § 1692e(2)(A).** Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Violations of this section include the false representation of "the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A).

**15 U.S.C. § 1692e(10).** Violations of § 1692e also include "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

**15 U.S.C. § 1692f(1).** Section 1692f prohibits a debt collector from "us[ing] unfair or

---

[1] Plaintiff erroneously alleges violations of "15 U.S.C. §§ 1692(f) and 1692(f)(1)." (Compl. at 4 ¶ 24.) The content of the claims indicates that Plaintiff meant to allege violations of §§ 1692f and 1692f(1). Furthermore, § 1692 does not contain a subsection (f).

unconscionable means to collect or attempt to collect any debt." A debt collector violates this section, in relevant part, by "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

**Cal. Civ. Code § 1788.15(a).** Section 1788.15(a) of the Rosenthal Act prohibits a debt collector from "collect[ing] or attempt[ing] to collect a consumer debt by means of judicial proceedings when the debt collector know that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected." (Compl. at 5 ¶ 27.)

### 2.     Plaintiff's FDCPA Claim

Defendant argues that the Noerr-Pennington doctrine bars Plaintiff's FDCPA claim.

The Noerr-Pennington doctrine derives from the Petition Clause of the First Amendment, which protects an individual's right to petition the government for redress of grievances. Sosa v. DirecTV, 437 F.3d 923, 929 (9th Cir. 2006). "Under the Noerr-Pennington doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." Id.; see also Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); United Mine Workers v. Pennington, 381 U.S. 657 (1965). The doctrine sets forth a rule of statutory construction "applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause." Sosa, 437 F.3d at 931. Pursuant to this rule, courts "must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." Id. In the litigation context, petitioning conduct includes "[a] complaint, an answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something[.]" Freeman v. Lasky, Haas & Cohler, 410 F.3d 1180, 1184 (9th Cir. 2005) (immunity does not attach to litigation conduct generally).

The Supreme Court has recognized one exception to the Noerr-Pennington doctrine: "With respect to petitions brought in the courts, . . . a lawsuit is unprotected only if it is a 'sham' – i.e., 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the

merits.'" White v. Lee, 227 F.3d 1214, 1231 (9th Cir. 2000) (quoting Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60 (1993)). The "sham exception" applies in three circumstances:

> [F]irst, where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful; second, where the conduct involves a series of lawsuits "brought pursuant to a policy of starting legal proceedings without regard to the merits" and for an unlawful purpose; and third, if the allegedly unlawful conduct "consists of making intentional misrepresentations to the court, litigation can be deemed a sham if 'a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.'"

Sosa, 437 F.3d at 938 (quoting Kottle v. Northwest Kidney Ctrs., 146 F.3d 1056, 1060 (9th Cir. 1998)) (citations omitted).

Defendant contends that the Noerr-Pennington doctrine immunizes its actions because the collection action constitutes petitioning conduct. The parties have not identified and the court's own research has not located any controlling case law addressing the interplay between the Noerr-Pennington doctrine and the FDCPA. The Supreme Court's decision in Heintz v. Jenkins, 514 U.S. 291 (1995), however, strongly supports the conclusion that the doctrine does not bar Plaintiff's FDCPA claims.

In Heintz, the Court addressed the definition of the term "debt collector" in the FDCPA. Id. at 292. After the plaintiff defaulted on a bank loan, the bank's law firm sued her in state court for the balance due. Id. at 293. Heintz, one of the firm's lawyers, wrote to the plaintiff's lawyer in an attempt to settle. Id. The letter included a recitation of the amount plaintiff owed. Id. The plaintiff then sued Heintz and the firm under the FDCPA. She claimed that Heintz's letter violated §§ 1692e(2)(A) and 1692f(1) by falsely representing the amount of her debt. Id. The defendants argued that the term "debt collector" does not include litigating attorneys. Id. at 295. The Court rejected this argument and held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Id. at 299. The Court reached this result based on (1) the plain language of the statute and (2) Congress's 1986 repeal of an exemption for attorneys. Id. at 294-95. In construing the FDCPA, the Court expressly refused to find that the Act draws a line between "debt collection" activities and "legal" activities. Id. at 297 (internal quotation marks omitted).

1    While the Court did not address the Noerr-Pennington doctrine, its holding contradicts the result urged by Defendant in this case. Plaintiff's claims arise out of Defendant's filing the collection action, obtaining a default judgment, and garnishing Plaintiff's wages. These are litigation-related activities. Pursuant to Heintz's statutory construction, therefore, the FDCPA applies to these methods of debt collection. To hold now that the Noerr-Pennington doctrine immunizes these activities would suggest that the FDCPA claims in Heintz ran afoul of the First Amendment. The court declines to make such a suggestion.

Defendant responds that the court should not interpret Heintz this broadly because Heintz involved only a settlement offer. (Reply at 3.) Nevertheless, the interpretation promoted by Defendant – that "litigation," Heintz, 514 U.S. at 299, does not include the activities in this case – is unreasonably narrow. The Ninth Circuit's holding in Guerrero v. RJM Acquisitions, LLC, 499 F.3d 926 (9th Cir. 2007), does not alter this conclusion. In Guerrero, the court addressed whether "communications directed solely to a debtor's attorney" are actionable under the FDCPA. Id. at 934. In holding that the FDCPA does not apply to such communications, the court declined to follow "an implicit assumption" suggesting the opposite in Heintz because Heintz did not squarely address the issue. Guerrero, 499 F.3d at 938. Defendant argues that this court likewise should not follow any "implicit assumption" in Heintz. This argument oversimplifies the nature of legal reasoning. The Guerrero court declined to follow the non-binding assumption in Heintz in part because the court found other authorities more persuasive. Here, in contrast, the court finds Heintz persuasive for the reasons discussed above. While Heintz is not binding as to the issue before this court, the court follows Heintz's logical implication.

Defendant also contends that the court should focus on the "test" established in Sosa. Like Heintz, however, Sosa supports the conclusion that the Noerr-Pennington doctrine does not bar this litigation. The doctrine requires courts to "construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." Sosa, 437 F.3d at 931. As construed by the Heintz Court, the FDCPA "clearly provides" that the Act covers some petitioning conduct. Defendant's argument based on Sosa therefore lacks merit.

This case also falls within the sham exception to the Noerr-Pennington doctrine. Plaintiff alleges that Defendants obtained a default judgment and garnished Plaintiff's wages despite their knowledge that they had not served Plaintiff with a copy of the summons and complaint. (Compl. at 3-4 ¶¶ 18, 19). Under the third strand of the sham exception, litigation "can be deemed a sham if [Defendant's] knowing fraud upon, or its intentional misrepresentations to, the court deprive the [collection action] of its legitimacy." Sosa, 437 F.3d at 938. If true, the allegations in ¶¶ 18-19 of the FAC provide grounds for setting aside the default judgment. See Ellard v. Conway, 94 Cal. App. 4th 540, 544 (2001) (under Cal. Code Civ. Proc. § 473(d), "the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service")  The third variant of the sham exception therefore applies to this case.[2]

In sum, the court concludes that the Noerr-Pennington doctrine does not immunize the collection-action conduct at issue in this case. The court therefore denies the motion as to the FDCPA claim.

### 3.     Plaintiff's Rosenthal Act Claim

Defendant further argues that California's litigation privilege bars the Rosenthal Act claim. In its reply, Defendant concedes that the litigation privilege does not preclude that portion of the Rosenthal Act claim alleging a violation of Cal. Civ. Code § 1788.15(a). (Reply at 1.) Thus, Defendant seeks judgment only as to Plaintiff's claim for violation of Cal. Civ. Code § 1788.17, which establishes liability for violations of the FDCPA.

California Civil Code § 47(b) provides, in pertinent part, that a privilege attaches to a publication or broadcast made in any judicial proceeding. The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990). Here, the parties do

---

[2] In ¶ 21, Plaintiff alleges that "Defendants submitted declarations and/or affidavits with false statements in support of their request for default judgment." (FAC at 4 ¶ 21.) Plaintiff does not allege that Defendants knew these documents contained falsehoods. Accordingly, the allegation in ¶ 21 does not contribute to the finding that the third variant of the sham exception applies. Plaintiff also argues that the first and second variants of the sham exception apply. (Opp'n at 6.) These exceptions require allegations that Defendant proceeded with an unlawful purpose. See Sosa, 437 F.3d at 938. Because the complaint contains no allegations of an unlawful purpose, the court rejects this argument.

not dispute that the scope of the litigation privilege generally includes the actions alleged by Plaintiff.

The parties also acknowledge a split in opinion among federal district courts as to whether the Rosenthal Act and the litigation privilege are irreconcilable. Compare Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1100 (C.D. Cal. 2006) (Rosenthal Act not reconcilable with litigation privilege); Butler v. Resurgence Financial, LLC, 521 F. Supp. 2d 1093, 1095-97 (C.D. Cal. 2007) (following Oei); Mello v. Great Seneca Financial Corp., 526 F. Supp. 2d 1024, 1030-31 (C.D. Cal. 2007) (same); with Taylor v. Quall, 458 F. Supp. 2d 1065, 1067-69 (C.D. Cal. 2006) (litigation privilege precludes Rosenthal Act claims); Nickoloff v. Wolfpoff & Abramson, L.L.P., 511 F. Supp. 2d 1043, 1045-46 (C.D. Cal. 2007) (distinguishing Oei, finding Rosenthal Act and litigation privilege not irreconcilable); Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1162-65 (N.D. Cal. 2007) (same). Having considered these divergent cases, the court agrees with those courts that have found the litigation privilege and the Rosenthal Act irreconcilable. "Applying the privilege . . . would effectively vitiate the Rosenthal Act and render the protections it affords meaningless." Oei, 486 F. Supp. 2d at 1100. Thus, the court "applies the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one," id. at 1100, and finds that the Rosenthal Act prevails over the statutory litigation privilege.

Defendant also argues that the Rosenthal Act does not apply to its alleged conduct. Section 1788.17 of the Rosenthal Act establishes liability under California law for violations of the FDCPA. Because the FDCPA applies to this case, the court likewise finds the Rosenthal Act applicable.

In sum, the court concludes that the litigation privilege does not bar the Rosenthal Act claim. The court therefore denies the motion as to this claim.

## III.   CONCLUSION

For the foregoing reasons, the court hereby **DENIES** Defendant's motion for judgment on the pleadings.

**IT IS SO ORDERED.**

**DATED:  August 28, 2008**

**Hon. Jeffrey T. Miller**
**United States District Judge**